No. 4640

First Circuit

---

C. R. SHORT LUMBER COMPANY v. TATUM

---

(May 4, 1926, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Privilege—Par. 2, 3, 4.**

One who while having the mules of another in his possession works them for his benefit, or for the benefit of the lumber mill which he owns, has no privilege for the value of the feed and care given the mules during that time.

2. **Louisiana Digest—Privilege—Par. 2.**

Privileges cannot be extended by implication or analogy; they are never allowed except when expressly granted by law, and this only by virtue of an exact compliance with the legal requisites essential to their creation and existence.

Appeal from the Twelfth Judicial District, Parish of Vernon, Hon. J. H. Boone, Judge.

Action by C. A. Short Lumber Company, Inc., against H. C. Tatum. There was judgment for defendant as of non-suit and plaintiff appealed.

Judgment set aside and judgment for plaintiff in part.

P. L. Ferguson, of Leesville, attorney for plaintiff, appellant.

C. E. Hardin, of Leesville, attorney for defendant, appellee.

ELLIOTT, J.   It appears that eight mules belonging to J. M. Lewis were about to be sold by the sheriff at the instance of H. G. Tatum, in the enforcement of a mortgage held by Tatum against them.

C. R. Short Lumber Co., Inc., alleges that it furnished feed necessary for the preservation of the mules and had a privilege on them for the reimbursement of the amount expended on that account, and that H. G. Tatum is liable for the amount. That petitioner feared it will loose its privilege as a result of said sheriff's sale. It instituted suit against Tatum for $849.05, the amount alleged to be due on account of feed and other matters, and sued out a writ of sequestration, under which $800.00, the proceeds realized at the sale of the mules was seized.

The petitioner prays for judgment against Tatum for $849.15 with interest and that a privilege in its favor be recognized on the mules or their proceeds if sold.

Tatum for answer denies being indebted unto plaintiff, and denies the existence of the privilege claimed. Further avers, that if the account alleged was incurred by him, it was wholly with C. R. Short individually.

That C. R. Short used the name C. R. Short Lumber Company as a trade name; that such a company has no legal or corporate existence, and if anything is due by defendant, which is denied, it is due C. R. Short individually.

The district judge, for written reasons, rejected plaintiffs demand as in case of non-suit.

Plaintiff appealed.

The evidence shows that the mules in question belonged to James M. Lewis at the time the account sued on commenced; that Lewis bought them previous to that time from the defendant Tatum.

On December 10, 1920, Lewis acknowledged himself to be indebted to H. G. Tatum in the sum of $1750.00, and to secure the debt he granted a mortgage on the mules in Tatum's favor. It was in the enforcement of this mortgage that Tatum caused the mules to be seized and sold by the sheriff.

Plaintiff's allegation that the account sued on is due by Tatum, is not as definite as it might be. The allegation is, that Tatum solicited petitioner to furnish feed for the mules, assuring petitioner that the mules would stand good for their feed. That he has refused to pay for the feed which they purchased for said mules and fed to them at his special request.

The word "they" used in referring to the matter, shows that plaintiff does not regard defendant as the party solely responsible.

C. R. Short was the only witness in the case. As a witness he says, that the mules belonged to J. M. Lewis, and were used by

him in hauling logs for C. R. Short Lumber Co. That Lewis went away and left mules, owing plaintiff for feed, about $3000.00; which is part of the account claimed of Tatum. This was before Short had the talk with Tatum in which he is said to have told Short that the feed had to be taken care of, and to go ahead and feed the mules, that the bill had to be paid. But there is no positive statement that Tatum bought feed from plaintiff.

It seems reasonably clear, from Short's testimony, that Lewis, the owner of the mules, was the real debtor on account of the feed; and that after he left, defendant merely, in a conversation about the matter, suggested to Short that plaintiff feed and care for the mules, and look to the mules for pay.

We agree with the district judge, that the evidence does not satisfactorily show that Tatum is personally liable for the feed claimed in the suit, and for plaintiff's expense and trouble in looking after the mules.

The plaintiff alleges that it is entitled to a privilege on the mules on account of the feed furnished, and for its trouble and expense in looking after them; and that its privilege on said account is superior in rank to defendant's mortgage. The privilege claimed is based on C. C., Arts. 3224, 3225, 3226, 3262. This privilege only exists when the claimant is in possession and incurs expense necessary for the preservation of the property in his possession.

There is allegation and proof that Lewis, went away and left them; but it is not alleged nor proved that he left them in charge of the plaintiff. When property has been left in possession of another, such party should not abandon it, but should preserve it, and the privilege created protects him in the expense so incurred.

The suggestion which Short says defendant made, amounts to very little. Defendant did not have charge of the mules and could not confer any authority on the plaintiff. If the mules had been in plaintiff's possession when the sheriff came and seized them, in the enforcement of defendant's mortgage, it could have retained them until its claim for preserving them was acted on. C. C., Art. 3225. And the fact that plaintiff did not advance its claim until the mules were about to be sold, indicates that it did not have possession at the time the sheriff came to take them away, and certainly did not have them in its posssssion afterwards.

If plaintiff had the mules in its possession, it should have either retained them, as provided by C. C., Art. 3225, else made the party from whom it received them, a party to its suit, to establish the privilege in its favor. If it ever had them, it did not retain them and it did not receive them from Tatum nor the sheriff; therefore the privilege claimed for feed and care of the mules before Tatum seized them, in the enforcement of his mortgage, should have been demanded contradictorily with the party by whose authority it had them in possession, if its possession was authorized. If its possession was unauthorized it should have retained them until its rights, if any it had, were acted on by the court.

Plaintiff's right to compete with Tatum for the proceeds of the mules is not clear. Defendant had the mules sold to pay notes endorsed by C. R. Short. At the time Short endorsed these notes, he was president, general manager and chief owner of C. R. Short Lumber Co., Inc.

It is so probable, from the record, that the notes were endorsed by C. R. Short for the benefit of C. R. Short Lumber Co., Inc., and in its behalf and that the endorsement enabled C. R. Short Lumber Co., Inc., to obtain the service of these mules in hauling logs to its mill, and that such service was the consideration for the endorsement, that we are satisfied such was the fact.

C. R. Short was liable to Tatum on his endorsement for the amount due on said notes, and could not compete with defendant for the proceeds of the mules mortgaged to secure the notes, and under the facts and circumstances it is doubtful if C. R. Short Lumber Co., Inc., can do it.

"Privileges cannot be extended by implication or analogy; they are never allowed except when expressly granted by law, and this, only by virtue of an exact compliance with the legal requisites essential to their creation and existence." Louisiana Digest, vol. 6, p. 220, sec. 2, etc. Subject, Privilege.

In Andrews vs. Crandall, sheriff, 16 La. Ann. 208, the plaintiff kept a livery stable. The sheriff had possession of the mules and authority to place them with the plaintiff to be fed and cared for. In that case the plaintiff received possession from an officer authorized by law to confer it on her, which is not the situation now. In the case before the court, plaintiff took it on itself to feed and care for the mules. We are not satisfied that plaintiff is entitled to the privilege claimed.

The judgment appealed from rejecting plaintiff's demand for privilege, will be affirmed.

There is one item claimed by plaintiff in its petition which is satisfactorily established. The plaintiff on July 6, 1921, advanced defendant by check $150.00 cash. It should have judgment against Tatum for that amount.

The plaintiff further charged to defendant a hotel bill, hire of automobile trip to Pollock, etc.; but the reference to these items by Mr. Short does not prove them definitely. It may be done in another suit.

We agree with the district judge in his conclusions, except as to the $150.00; but in order to formulate the decree which we think should be rendered, the judgment appealed from will be set aside and another judgment rendered.

For the above reasons the judgment appealed from is annulled, avoided and set aside.

It is now ordered, adjudged and decreed that C. R. Short Lumber Co., Inc., have judgment against H. D. Tatum for $150.00 with legal interest thereon from judicial demand until paid, without privilege. Said sum having been advanced by plaintiff to defendant by means of a check described in the account sued on, but the demand of C. R. Short Lumber Co., Inc., against said H. G. Tatum, based on feed furnished to mules, and for care of and looking after mules, and to have recognized a privilege on the proceeds of the eight mules described in its petition herein, is refused and rejected.

That part of plaintiff's demand described in the account sued on, as a trip to Pollock with car driver, car fare and hotel bill amounting to $40.00, is refused as in case of non-suit.

The defendant Tatum, appellee, to pay the cost of the main demand in both courts, and the cost of appeal.

The plaintiff and appellant, the cost of the sequestration.